Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Renee R. Kline**
Debtor(s)

Bankruptcy Case No.: 20–20081–JAD
Issued per 6/11/2020 Proceeding
Chapter: 13
Docket No.: 49 – 25, 45
Concil. Conf.: August 13, 2020 at 09:30 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.)* *PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated 6/1/2020 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $930 as of June 2020. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☒ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Aug. 13, 2020 at 09:30 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☐ H. Additional Terms:

*(2.)   IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.   Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.   Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.   Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.   Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.   Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: June 16, 2020

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc: All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 20-20081-JAD
Renee R. Kline                                                            Chapter 13
        Debtor
                            **CERTIFICATE OF NOTICE**

District/off: 0315-2          User: skoz                Page 1 of 2            Date Rcvd: Jun 16, 2020
                              Form ID: 149              Total Noticed: 30

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 18, 2020.
db          +Renee R. Kline,   2109 Victoria Avenue,   Arnold, PA 15068-2132
cr          +Peoples Natural Gas Company LLC,   c/o S. James Wallace, P.C.,   845 N. Lincoln Ave.,
              Pittsburgh, PA 15233-1828
15194293    +AHN Emergency Group of Alle-Kiski/,   Pendrick Capital Partners,
              c/o Affiliate Asset Solutions,   145 Technology Parkway, NW, Suite 100,
              Peachtree, GA 30092-3536
15194294     AHN-Allegheny Valley Hospital,   c/o State Collection Service,   P.O. Box 6250,
              Madison, WI 53716-0250
15194296    +Allegheny Health Network,   P.O. Box 645266,   Pittsburgh, PA 15264-5250
15194295     Allegheny Health Network,   c/o State Collection Service,   P.O. Box 6250,
              Madison, WI 53716-0250
15194297     Allegheny Ophthalmology Associates,   2853 Freeport Road,   Natrona Heights, PA 15065-1905
15194299    +CNAC,   Brider Finance,   P.O. Box 453,   Carmel, IN 46082-0453
15181184    +City of Arnold,   c/o Pennsylvania Municipal Services,   336 Delaware Avenue,   Dept. U,
              Oakmont, PA 15139-2138
15194301     Collection Service Center,   Tax Division,   P.O. Box 560,   New Kensington, PA 15068-0560
15194302     First Premier Bank,   P.O. Box 5529,   Sioux Falls, SD 57117-5529
15194303     Fortiva,   Payment Processing,   P.O. Box 650847,   Dallas, TX 75265-0847
15194304     Genesis FS Card Services,   P.O. Box 23039,   Columbus, GA 31902-3039
15194305    +Joseph G. Puet,   City Treasurer,   1829 Fifth Avenue,   New Kensington, PA 15068-4498
15204125    +KeyBridge Medical Revenue Care,   d/b/a General Audit Corporation,   PO Box 1568,
              Lima OH 45802-1568
15214233     Pendrick Capital Partners, LLC,   Peritus Portfolio Services II, LLC,   PO BOX 141419,
              IRVING, TX  75014-1419
15194307    +Premier Medical Associates,   P.O. Box 644984,   Pittsburgh, PA 15264-4984
15194309     Quest Diagnostics Venture,   P.O. Box 740717,   Cincinnati, OH 45274-0717
15194310     Rushmore,   P.O. Box 514707,   Los Angeles, CA 90051-4707
15212755    +Rushmore Loan Management Services,   P.O. Box 55004,   Irvine, CA 92619-5004
15204466    +The Bank of Missouri,   PO Box 105555,   Atlanta, GA 30348-5555
15194311     UPMC Community Medicine,   c/o Receivables Outsourcing,   P.O. Box 62850,
              Baltimore, MD 21264-2850
15211010     UPMC Physician Services,   PO Box 1123,   Minneapolis, MN 55440-1123

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
15199621    +E-mail/Text: bankruptcy@jdbyrider.com Jun 17 2020 04:17:00      BYRIDER FINANCE, LLC D/B/A CNAC,
              ATTN BANKRUPTCY DEPT,   12802 HAMILTON CROSSING BLVD.,   CARMEL, IN 46032-5424
15194300    +E-mail/Text: bankruptcy@jdbyrider.com Jun 17 2020 04:17:00      CNAC,
              12802 Hamilton Crossing Blvd.,   Carmel, IN 46032-5424
15186703     E-mail/PDF: resurgentbknotifications@resurgent.com Jun 17 2020 04:17:45      LVNV Funding, LLC,
              Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
15194306    +E-mail/Text: dee@pendrickcp.com Jun 17 2020 04:16:46      Pendrick Capital Partners,
              79 Warren Street,   Suite 3,   Glens Falls, NY 12801-4550
15205409    +E-mail/Text: JCAP_BNC_Notices@jcap.com Jun 17 2020 04:16:40      Premier Bankcard, Llc,
              Jefferson Capital Systems LLC Assignee,   Po Box 7999,   Saint Cloud Mn 56302-7999
15210800     E-mail/Text: bnc-quantum@quantum3group.com Jun 17 2020 04:16:10
              Quantum3 Group LLC as agent for,   Genesis FS Card Services Inc,   PO Box 788,
              Kirkland, WA  98083-0788
15194308     E-mail/Text: bankruptcy_notifications@ccsusa.com Jun 17 2020 04:16:58      Quest Diagnostics,
              c/o CCS,   Payment Processing Center,   P.O. Box 55126,   Boston, MA 02205-5126
                                                                                              TOTAL: 7

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             Wilmington Savings Fund Society, FSB, d/b/a Christ
15194298*   +City of Arnold,    c/o Pennsylvania Municipal Services,    336 Delaware Avenue,    Dept. U,
              Oakmont, PA 15139-2138
                                                                                   TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 18, 2020                       Signature:  /s/Joseph Speetjens

```
District/off: 0315-2           User: skoz                 Page 2 of 2           Date Rcvd: Jun 16, 2020
                               Form ID: 149               Total Noticed: 30
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 16, 2020 at the address(es) listed below:

```
          James   Warmbrodt    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a Christiana
           Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
           bkgroup@kmllawgroup.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Rodney D. Shepherd    on behalf of Debtor Renee R. Kline rodsheph@cs.com
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
          S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
           srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                              TOTAL: 5
```